963 F.2d 119
 58 Fair Empl.Prac.Cas. (BNA) 1124,
58 Empl. Prac. Dec. P 41,445,
15 Employee Benefits Cas. 1366
Derald VAN CAMP, Plaintiff-Appellant,
Patricia Van Camp, Plaintiff,
v.
AT & T INFORMATION SYSTEMS, a Delaware corporation, William
Bugera, David E. Crimer, and Marise E. Stephens,
jointly and severally, Defendants-Appellees.
 No. 91-1939.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 30, 1992.
Decided April 28, 1992.
 
 John R. Runyan (argued and briefed), Kathleen L. Bogas (briefed), Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, Detroit, Mich., for plaintiff-appellant.
 John M. Boyda, Anthony A. Haisch (argued and briefed), Haisch & Associates, Detroit, Mich., for defendants-appellees.
 Before MARTIN, Circuit Judge; and LIVELY and BROWN, Senior Circuit Judges.
 BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This appeal arises from state-law discrimination claims against Defendants AT & T Information Systems and certain of its executives ("AT & T"). Plaintiff-Appellant, Derald Van Camp, filed this action in state court. On the ground that it raises a federal question, AT & T removed the case to federal court. Van Camp now appeals the dismissal of his claims following the district court's denial of his motion for remand to state court and Van Camp's refusal to assert a claim under federal law. The issue before us is whether Van Camp's discrimination claims, resolution of which requires consideration of the impact of a retirement and benefit agreement entered into by Van Camp and AT & T pursuant to AT & T's pension plan, fall within the preemptive force of § 514(a), 29 U.S.C. § 1144(a), of the Employment Retirement Income Security Act ("ERISA"). Because AT & T has sustained its burden of showing that Van Camp's claims relate to AT & T's pension plan and, therefore, present a federal question, we affirm the district court's denial of Van Camp's motion to remand and the dismissal of the action.
 
 
 2
 * After approximately thirty-two years of service to AT & T, Van Camp, a 51-year-old operations manager, was reassigned from a staff position in Michigan to one that required him to make frequent trips to New Jersey. For reasons known to AT & T at the time of the reassignment, including the illness of Mrs. Van Camp, Van Camp considered himself unavailable for "extensive travel." Faced with accepting either an early retirement package or demotion, Van Camp retired. He signed an agreement attesting that he retired voluntarily and understood that his election to retire under AT & T's enhanced pension plan was irrevocable. Van Camp does not dispute that this pension agreement is subject to the requirements of and controlled by ERISA.
 
 
 3
 Asserting that age and sex discrimination violative of Michigan's Elliott-Larsen Civil Rights Act motivated AT & T's decision to reassign him and that the reassignment forced his retirement, Van Camp filed suit against AT & T in the Wayne County Circuit Court.[1] Van Camp sought reinstatement, back pay, front pay, and compensatory and exemplary damages. On the ground that Van Camp's claims relate to a pension plan governed by ERISA and alleging jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1441, AT & T removed the case to the United States District Court for the Eastern District of Michigan. AT & T's notice of removal included the allegation that "Van Camp ... seeks ... an order or judgment requiring that his participation in the enhanced pension plan be discontinued and that he be reinstated to a job of his preference necessarily including the resumed accumulation of future pension plan benefits." J.App. at 127. In addition, AT & T attached to its answer to Van Camp's complaint a copy of the retirement and pension agreement signed by Van Camp.
 
 
 4
 Asserting that the district court lacked jurisdiction because the claims arose solely under Michigan law and did not raise a federal question, Van Camp moved for remand to state court. At oral argument on the motion to remand, the district court expressed the view that Van Camp's allegations of forced retirement and the demand for reinstatement implicated rights under ERISA because forced retirement might affect the validity of the retirement agreement and reinstatement would revoke its terms. To allow Van Camp an opportunity to avoid dismissal, the court granted him leave to amend his complaint. In the amended complaint, which did not include a prayer for reinstatement, Van Camp again sought relief under Michigan's Elliott-Larsen on the ground that AT & T forced him to retire and caused him to lose benefits.
 
 
 5
 The court determined that Van Camp had not successfully cured his complaint and, therefore, was not entitled to a remand to state court to pursue his Elliott-Larsen claims. It reasoned that the complaint, raising the issue of whether Van Camp retired voluntarily, amounted to a challenge to the validity of the pension agreement and, therefore, implicated ERISA. Relying on Ingersoll-Rand Co. v. McClendon, --- U.S. ----, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), a case in which the plaintiff alleged that his employer violated state law by terminating him to avoid paying retirement benefits, the court denied Van Camp's motion to remand. 772 F.Supp. 980.
 
 
 6
 Choosing not to pursue a remedy under ERISA or under other federal statutes, Van Camp sought reconsideration of the district court's order denying his motion to remand. The court reaffirmed its ruling and, upon AT & T's motion, summarily dismissed Van Camp's complaint on the ground that the only claims Van Camp asserted were Elliott-Larsen claims that were preempted by ERISA.
 
 II
 
 7
 Because the district court granted AT & T's motion for summary judgment and dismissed the action, thereby rendering a final judgment, this court has jurisdiction to consider this appeal in which Van Camp assigns as error the district court's denial of his motion to remand. Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 338 n. 3 (6th Cir.1989) (reviewing denial of motion to remand when coupled with appeal from final judgment); Fakouri v. Pizza Hut of America, Inc., 824 F.2d 470, 472 (6th Cir.1987) (same). We review de novo the denial of Van Camp's motion to remand this case, Her Majesty the Queen, 874 F.2d at 338, and we look to determine " 'whether the case was properly removed to federal court in the first place.' " Fakouri, 824 F.2d at 472 (quoting Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir.1985)). Furthermore, as the party invoking application of the removal statute, AT & T has the burden of establishing that the case presents a federal question. Her Majesty the Queen, 874 F.2d at 339 (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-98, 42 S.Ct. 35, 37-38, 66 L.Ed. 144 (1921)); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir.1988).
 
 III
 
 8
 * We first must examine the district court's determination that the wellpleaded complaint rule did not prevent AT & T from invoking ERISA as a basis for removal of Van Camp's state-law claims. Traditionally, the "well-pleaded complaint" rule has set limitations on the removal of state-law claims to federal court. As explained in Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-30, 96 L.Ed.2d 318 (1987), and Her Majesty the Queen, 874 F.2d at 338-39, the rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Ordinarily, a defense arising under federal law does not confer removal jurisdiction. Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430; Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 153, 29 S.Ct. 42, 43-44, 53 L.Ed. 126 (1908). The Supreme Court has recognized, however, that the preemptive force of certain federal legislation, such as the Labor Management Relations Act ("LMRA") and ERISA, is so complete that, notwithstanding the principles that generally govern removal, see Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-48, 77 L.Ed.2d 420 (1983), some state-law claims are entirely supplanted. Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (LMRA); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA). When this exception to the well-pleaded complaint rule--the "complete-preemption doctrine"--applies, a complaint, though on its face setting forth a claim under state law, is, for the purposes of removal, treated as a federal claim because federal law displaces any right of action under state law. Taylor, 481 U.S. at 65, 107 S.Ct. at 1547. In the instant case, therefore, the well-pleaded complaint rule did not preclude the district court from considering AT & T's preemption defense as a basis for federal jurisdiction.
 
 B
 
 9
 Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides that, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." Furthermore, under § 514(c)(1), 29 U.S.C. § 1144(c)(1), "State law" is defined as "all laws, decisions, rules, regulations, or other State action having the effect of law...." Subject to the caveat that some claims have "too tenuous, remote, or peripheral" an effect on benefit plans to fall within ERISA's preemptive force, Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983), ERISA is " 'intended to apply in its broadest sense to all actions of State or local governments, or any instrumentality thereof, which have the force or effect of law.' " Id. at 99, 103 S.Ct. at 2901 (quoting 120 Cong.Rec. 29933 (1974)). Therefore, state-law claims, and state-court decisions resolving those claims, "insofar as they ... relate to any employee benefit plan," are preempted by ERISA.
 
 
 10
 Although Van Camp alleges that, in violation of Elliott-Larsen, AT & T forced him to retire, and, consequently, he lost certain benefits, his amended complaint does not set forth a claim for "failure to pay benefits," nor does it otherwise seek to enforce a right expressly provided under ERISA. Such a finding, however, does not end the inquiry because, as explained in Ingersoll-Rand, 111 S.Ct. at 484, § 514(a) is not to be read so narrowly as to include only those state laws "purporting to regulate plan terms and conditions." See also Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc., 933 F.2d 376, 381 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991). The issue, then, becomes whether Van Camp's claims seeking back pay, front pay, and other damages, but not eschewing his rights under his retirement agreement, has "too tenuous, remote, or peripheral" an effect on AT & T's employee benefit plan to be preempted by ERISA.
 
 
 11
 In Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550 (6th Cir.1987), we set out three factors for consideration when determining whether a state-law claim falls outside of ERISA's broad preemption. As Neusser explains, "the factors ... are not exhaustive and ... no single factor is dispositive." Id. at 556. Nevertheless, they do provide some guidance as they reflect the goal Congress sought to achieve when it enacted the preemption clauses of ERISA--" 'reservation to Federal authority the sole power to regulate the field of employee benefit plans.' " Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (quoting 120 Cong.Rec. 29197 (1974)).
 
 
 12
 One factor to consider is whether the claim arises under a law that "represents a traditional exercise of state authority." Id. at 555; see Shaw, 463 U.S. at 101, 103 S.Ct. at 2902. A second factor is whether invocation of the state law will affect " 'relations among the principal ERISA entities.' " Neusser, 810 F.2d at 556 (quoting Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., 793 F.2d 1456, 1467 (5th Cir.1986), cert. denied, 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987)). Finally, the court may consider "the incidental nature of any possible effect of state law on an ERISA plan." Id.
 
 
 13
 We agree with Van Camp's contention that state laws traditionally have played a significant role in protecting citizens from age and sex discrimination. See Shaw, 463 U.S. at 101, 103 S.Ct. at 2902. Application of the remaining two factors, however, suggests that Van Camp's claims are substantially related to an employee benefit plan, and, therefore, that the district court did not err in its determination that they were properly removed to federal court.
 
 
 14
 Careful consideration of the second factor of the Neusser test leads us to the conclusion that Van Camp's claims directly affect the status of AT & T as employer and Van Camp as beneficiary in an ERISA plan. Although Van Camp points out that he does not now seek reinstatement, his state-law claims are inconsistent with the retirement agreement under which he currently receives pension benefits. When Van Camp retired, he signed an agreement acknowledging that his decision to receive benefits under the enhanced pension plan was irrevocable and stating that he voluntarily retired. The effect of this agreement, one which provides that Van Camp is a voluntary retiree entitled to benefits under the ERISA plan, is the fulcrum on which resolution of this dispute turns. If Van Camp is entitled to recover on the theory that, as he claims, his retirement was forced by AT & T's age and sex discrimination and, therefore, was not voluntary, a court first would have to rule on the validity of the retirement agreement. Such a determination could be made only with reference to ERISA and would affect the existing benefit plan and the relations between Van Camp and AT & T as "principal ERISA entities." See Neusser, 810 F.2d at 556.
 
 
 15
 As to the third Neusser factor, a finding that Van Camp was forced to retire and is entitled to back pay, front pay, and additional pension benefits would substantially alter the purportedly "irrevocable" agreement under which Van Camp is receiving benefits. We find, therefore, that, under the facts of this case, the age- and sex-discrimination claims that Van Camp asserts would have more than an incidental effect on the existing pension plan. A state-court proceeding would, of necessity, involve determination of Van Camp's status as a participant in AT & T's pension plan.
 
 
 16
 The foregoing analysis reveals that AT & T's preemption defense has merit. Although Van Camp seeks to invoke state laws that represent a traditional exercise of state authority, his claims would have more than an incidental effect on an existing pension plan and on the relations between AT & T as employer and Van Camp as beneficiary. Our determination is consistent with Ingersoll-Rand, which teaches that, when "the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law," ERISA preemption applies. 111 S.Ct. at 483.
 
 
 17
 Because the application of state law in this case is preempted and federal principles must be employed to resolve the issues raised by Van Camp's claims, the case was properly removed to federal court. Cf. Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 406, 108 S.Ct. 1877, 1881-82, 100 L.Ed.2d 410 (1988) (LMRA preemption of state-law claim "inextricably intertwined" with collective bargaining agreement); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 217, 105 S.Ct. 1904, 1914, 85 L.Ed.2d 206 (1985) (LMRA preemption of state-law claim "inextricably intertwined" with labor contract).
 
 IV
 
 18
 For the reasons stated above, we AFFIRM the district court's denial of Van Camp's motion for remand to state court, and, because Van Camp refuses to assert a claim under federal law, we AFFIRM the order of dismissal.
 
 
 
 [1]
 Patricia Van Camp, who alleged deprivation of society, companionship, aid, wages, support and consortium of her husband, joined in the lawsuit and sought compensatory and exemplary damages. Mrs. Van Camp, however, is not a party on appeal