48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary F. REBEL, Plaintiff-Appellant,
v.
FORD NEW HOLLAND, INC., Thomas J. Mulcahy, Defendants-Appellees.
 No. 94-1051.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1995.
 
 Before: JONES, CONTIE, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant, Gary F. Rebel, appeals a district court judgment granting the motion for summary judgment of defendants-appellees, Ford New Holland and Thomas J. Mulcahy. Although this case was originally scheduled for oral argument, the issues presented on appeal recently have been authoritatively decided. See Robert Warner v. Ford Motor Co., No. 93-1312, 1995 WL 42205 (6th Cir. Feb. 6, 1995) (en banc). Upon examination this panel therefore unanimously agrees that oral argument is not needed. Fed.R.App. 34(a); Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Rebel originally filed this age discrimination claim in state court pursuant to Michigan's Elliott-Larsen Civil Rights Act, M.C.L. Sec. 37.2101 et seq. Ford then removed the case to federal court contending that the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. Sec. 1001, et seq., preempted Rebel's state claim. Rebel's motion to remand the claim to state court was denied by the district court. Instead, the district court granted Ford's motion for summary judgment, holding that Rebel's claim was preempted by ERISA and that Rebel failed to plead an ERISA violation. Rebel then filed this timely appeal.
 
 
 3
 In Warner, this Court held that complate preemption does not permit removal of an individual's statutory claim under state law unless the claim can be "characterized as a superseding ERISA action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in Sec. 1132(a)(1)(B)." Warner, slip.op. at 5. Without more, ERISA preemption "does not convert a state claim into an action arising under federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). Consequently, this Court overruled its earlier opinion in Van Camp v. AT & T Information Systems, 963 F.2d 119 (6th Cir.), cert. denied, 113 S.Ct. 365 (1992), and held that removal in a Sec. 1144(a) preemption case is improper. In this Circuit, complete preemption allows removal only of those claims covered by Sec. 1132(a)(1)(B).
 
 
 4
 Defendants-appellees, Ford New Holland et al., maintain on appeal that Rebel's claim is "completely preempted" by Sec. 514(a) of ERISA, 29 U.S.C. Sec. 1144(a), because it "relate[s] to an[ ] employee benefit plan." 29 U.S.C. Sec. 1144(a). Rebel counters that the complete preemption doctrine does not apply to his claim because a federal question does not appear on the face of the claim.
 
 
 5
 The facts of this case are virtually indistinguishable from the facts of Robert Warner v. Ford Motor Co., No. 93-1312. As in Warner, Rebel was notified that he would be laid off unless he elected to take early retirement. Although Rebel accepted early retirement, he now claims that he was terminated due to his age. As in Warner, Rebel's claim is purely a state age discrimination case. Rebel does not seek to contest the early retirement plan either by recovering under the plan or by enforcing its terms; nor does he seek to assert "rights to future benefits under the terms of the plan." Rebel's claim is therefore controlled by the "well-pleaded complaint" rule prohibiting removal of a claim to federal court unless a federal question appears on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). Where no federal question appears on the face of the complaint, the plaintiff may choose for the action to be heard in state court. Id.
 
 
 6
 Based on the foregoing, we find that removal of Rebel's claim to federal court was improper because the case may not be removed under Sec. 1144(a) alone, no federal question appears on the face of the complaint, and the district court relied on Van Camp which has since been overruled by this Court.
 
 
 7
 Accordingly, we REVERSE the judgment of the district court and REMAND with instructions that the district court grant plaintiff's motion to remand the case to state court. Rule 9(b)(2), Rules of the Sixth Circuit.