**Ronald HAMBURGER, Plaintiff,**

v.

**DESOUTTER, INC., a Michigan corporation, and Paul Jarvis, an individual, and Thomas Boik, an individual, jointly and severally, Defendants.**

No. 94–CV–74282–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 30, 1995.

Richard B. Tomlinson, Driggers, Schultz, Herbst & Paterson, Troy, MI, for plaintiff.

Terrence J. Miglio and Robert A. Lusk, Keller, Thoma, Schwarze, Schwarze, Dubay & Katz, P.C., Detroit, MI, for defendant Desoutter, Inc.

### ORDER OF REMAND

HACKETT, District Judge.

On October 24, 1994, defendant Desoutter, Inc. removed the above-captioned matter from the Wayne County Circuit Court to this court. Defendant based its removal of this action on the grounds that plaintiff's suit is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 & 1144, and cited *Van Camp v. AT & T Information Systems*, 963 F.2d 119 (6th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992), in support of removal. When the Sixth Circuit overruled *Van Camp*, plaintiff filed a motion to remand. For the following reasons, plaintiff's motion to remand shall be granted.

### I. BACKGROUND

Plaintiff began working for Desoutter in October of 1977. During plaintiff's employment, Desoutter provided him with pension and health insurance benefits pursuant to written plans. On March 30, 1993, Desoutter informed affected employees, including plaintiff, that it had modified its pension and health insurance benefit plans so that em-ployees retiring after June 30, 1993, would not be eligible for post-retirement health insurance benefits.

On May 24, 1993, plaintiff advised Desoutter that he intended to retire from his employment, effective June 30, 1993, solely in order to remain eligible for post-retirement health insurance benefits. On June 8, 1993, plaintiff executed a Benefit Election Form according to which he agreed to retire on June 30, 1993, in exchange for the benefits then available under Desoutter's pension and health insurance benefit plans. Plaintiff elected a single lump sum distribution under the pension plan. The last paragraph of the Benefit Election Form stated that the decision becomes irrevocable once "benefit payments commence."

Plaintiff's retirement became effective on June 30, 1993. He received a lump sum payment of $200,000 under the pension plan and began receiving his post-retirement health insurance benefits.

Then, on September 13, 1994, plaintiff filed a two-count complaint in Wayne County Circuit Court alleging that Desoutter had violated the Michigan Elliott–Larsen Civil Rights Act (MELCRA), M.C.L. § 37.2101 *et seq.*, by discriminating against him on the basis of age (Count I) and by retaliating against him for opposing Desoutter's discriminatory employment practices (Count II). Plaintiff claims that Desoutter's modification of its pension and health insurance benefits plan was the "final straw" of a pattern of age discrimination practiced by Desoutter over a 2½ year period that resulted in plaintiff's wrongful constructive discharge from the company. Plaintiff seeks to recover his lost earnings, as well as emotional distress damages.

On October 24, 1994, Desoutter removed the case to this court on the basis that plaintiff's complaint, although brought under state discrimination laws, was really an attempt to state a claim cognizable under ERISA, 29 U.S.C. § 1132, and that plaintiff's complaint was completely preempted by ERISA, 29 U.S.C. § 1144.

On February 28, 1995, plaintiff filed a motion to remand based upon the Sixth Circuit's

recent decision in *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995). Desoutter contests the motion, arguing that *Warner* does not eliminate this court's subject matter jurisdiction because *Warner* was decided four months after the case was removed. Desoutter also claims that, even if the court does rely upon *Warner*, plaintiff's state law claims are still removable under § 1132 of ERISA.

## II. *PREEMPTION & REMOVAL BEFORE WARNER*

 Under 28 U.S.C. § 1441, removal of an action from state to federal court is permitted when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. Ordinarily, federal jurisdiction exists only when a plaintiff's properly pleaded complaint presents a federal question on its face. This is known as the "well-pleaded complaint" rule. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). "The rule makes the plaintiff the master of the claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

 However, there is an exception to the well-pleaded complaint rule known as the "complete preemption" doctrine. Under that doctrine, the Supreme Court has explained that complete preemption exists when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 393, 107 S.Ct. at 2430 (citations omitted). State law claims are completely preempted and therefore removable only when there is a "clearly manifested" intent by Congress. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987).

In the past, some courts have held that a complaint purportedly based solely on state law is removable under the complete preemption exception when § 1144 of ERISA preempts that particular area of state law. Section 1144(a) of ERISA states that federal law "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).[1] Those courts found that § 1144, which creates ordinary preemption of a plaintiff's state claims, also created the right of removal. In other words, state claims preempted by § 1144 were held to fall within the scope of the "complete preemption" corollary to the well-pleaded complaint rule.

For instance, in *Van Camp v. AT & T Information Systems*, 963 F.2d 119 (6th Cir. 1992), the Sixth Circuit allowed the plaintiff's state law discrimination claims to be removed because they were preempted by § 1144 of ERISA. Similar to the case at bar, the plaintiff in *Van Camp* alleged that, in violation of MELCRA, the defendant had forced him to retire, and that he consequently lost certain benefits. The court held that the plaintiff's claims were preempted by § 1144 of ERISA because they related to an ERISA plan, reasoning as follows:

> Although [plaintiff] points out that he does not now seek reinstatement, his state-law claims are inconsistent with the retirement agreement under which he currently receives pension benefits. When [plaintiff] retired, he signed an agreement acknowledging that his decision to receive benefits under the enhanced pension plan was irrevocable and stating that he voluntarily retired. The effect of this agreement, one which provides that [plaintiff] is a voluntary retiree entitled to benefits under the ERISA plan, is the fulcrum on which resolution of this dispute turns. If [plaintiff] is entitled to recover on the theory that, as he claims, his retirement was forced by [defendant's] age and sex discrimination and, therefore, was not voluntary, a court first would have to rule on the validity of the retirement agreement. Such a determination could be made only with reference to ERISA and would affect the existing benefit plan and the relations between

---

1. The Supreme Court has held that a law " 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990).

[plaintiff] and [defendant] as "principal ERISA entities."

*Id.* at 123. Determining that plaintiff's state law claims were preempted by § 1144 and that federal principles must be employed to resolve those issues, the *Van Camp* court held that removal was proper under the complete preemption exception to the well-pleaded complaint rule. *Id.* Relying on this reasoning, which drew no distinction between ordinary preemption doctrine and complete preemption removal, Desoutter removed the present case.

### III. CURRENT REMOVAL DOCTRINE

[4] The Sixth Circuit recently overruled the *Van Camp* decision in *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995), an *en banc* review decided to resolve a conflict about removal jurisdiction within the Circuit. After criticizing *Van Camp* for failing to discern between ordinary and complete preemption for removal purposes, the *Warner* court held that § 1144 of ERISA creates only ordinary preemption that 'supersedes' conflicting state law, but does not create the right of removal. *Id.* 46 F.3d at 534–535. In other words, although § 1144 allows ERISA to preempt state laws when they "relate to" matters governed by ERISA, that section does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action that is removable. "Removal and preemption are two distinct concepts." *Id.* 46 F.3d at 535. "As a consequence, no removal jurisdiction exists under § 1144." *Id.* 46 F.3d at 534.

In *Warner,* the plaintiff sued his former employer in Michigan State Court claiming age discrimination in violation of MELCRA. The defendant removed the case under the complete preemption corollary to the well-pleaded complaint rule, claiming that plaintiff's claims "related to" an ERISA plan pursuant to § 1144. The defendant argued

that the doctrine of removal based on "complete preemption" applie[d] under ERISA because the defense to the state claim as alleged in the defendant's Notice of Removal [was] based on the fact that the plaintiff [had] taken early retirement in lieu of discharge, [was] receiving bene-

fits under a retirement agreement governed by federal ERISA law and [had] signed a release of claims form in exchange for retirement benefits. Because the plaintiff's claim necessarily call[ed] into question the validity of his retirement agreement which [was] said to be governed exclusively by federal ERISA law, the defendant contend[ed] that federal ERISA law entirely displace[d] state discrimination law under federal preemption rules and vest[ed] removal jurisdiction in the federal courts under the "complete preemption" exception.

*Id.* 46 F.3d at 533. The district court permitted removal of the case, but the Sixth Circuit Court of Appeals reversed that decision, refusing to find federal removal jurisdiction.

The Sixth Circuit first noted that "the scope of the 'complete preemption' exception for removal is narrow." *Id.* 46 F.3d at 534. As a result, the court held that in the ERISA context, the complete preemption exception for removal is *narrowly* limited to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(1)(B) provides for federal jurisdiction of actions "by a participant or beneficiary [in an ERISA plan] . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of his plan." Such actions are removable because "the legislative history consistently sets out this clear intention to make [§ 1132(a)(1)(B)] suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction." *Id.*

Therefore, in order to come within the [complete preemption] exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan," as provided in § 1132(a)(1)(B).

*Id.* 46 F.3d at 534.

After establishing that only § 1132 ERISA actions are removable, the court determined that the plaintiff's complaint was not covered by § 1132. "It [was] an action to set aside and escape from the early retirement agreement, not to recover under it or to 'enforce' it or to assert 'rights to future benefits under the terms of the plan.'" *Id.* Because plaintiff's claims did not fall within § 1132 of ERISA, removal was improper, and the case was remanded to state court.

In the present case, plaintiff seeks remand based upon the *Warner* decision. Plaintiff argues that his complaint is an age discrimination claim arising solely under Michigan law, in which he does not seek to recover benefits, enforce rights, or secure rights to future benefits under § 1132 of ERISA. Clearly, if plaintiff's case is not covered by § 1132(a)(1)(B), it does not arise under federal law for purposes of removal and must be remanded.

## IV. DEFENDANT'S CLAIMS

■ In opposing plaintiff's motion to remand, Desoutter advances two arguments, both of which are without merit. First, Desoutter claims that plaintiff's reliance on *Warner* is misplaced because *Warner* was decided four months after removal of this action, and that, at the time of removal, plaintiff's case was preempted by ERISA and removable under the controlling law. However, when the Sixth Circuit applies a rule of law to the parties before it, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [its] announcement of the rule." *Harper v. Virginia Dep't of Taxation,* —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993). Thus, *Warner* affects removal jurisdiction in the case at bar, despite its date of decision.

In addition, when Desoutter filed its notice of removal, a conflict existed within the Sixth Circuit as to whether removal was proper under the circumstances of *Van Camp.* In fact, two subsequent cases decided by different panels in the Sixth Circuit conflicted with the *Van Camp* decision. *See Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local 704,* 25 F.3d 1308 (6th Cir.1994); *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940 (6th Cir.1994). Thus, Desoutter's contention that, when it removed, *Van Camp* was the "controlling law" and "clearly established removal jurisdiction" is wrong. From the outset, the propriety of removal in this case was questionable, but *Warner* resolved all conflict against the outcome in *Van Camp.*

■ Next, Desoutter argues that, even if *Warner* applies to this case, removal is still proper because plaintiff's claims fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B). The *Warner* court held that removal is allowed in § 1132 cases, but that the plaintiff's complaint was not covered by § 1132 because it was a "straight state age discrimination case." In this case, Desoutter alleges that plaintiff's claims *are* preempted by § 1132 because plaintiff is "seeking to enforce and/or clarify his rights under the original health insurance plan that would have allowed him to continue working for Desoutter and remain eligible for retiree health insurance whenever he decided to retire." On the other hand, plaintiff maintains that his age discrimination case has none of the characteristics of a civil action to enforce his rights under an ERISA plan, and is thus not preempted by § 1132.

Desoutter's argument is not persuasive. Plaintiff complains that Desoutter constructively discharged him in violation of MEL-CRA by forcing him into involuntary retirement in order to receive his retirement benefits. In *Warner,* the plaintiff claimed "that the defendant-employer threatened to discharge [him] because of his age unless he took early retirement." *Warner,* 46 F.3d at 534. The court finds a distinction without a difference between these allegations. Desoutter's contention that plaintiff is seeking to enforce and/or clarify his rights under the original health insurance plan is unsupported by the facts. As in *Warner,* plaintiff here seeks damages for defendant's allegedly discriminatory behavior, not to recover under, clarify, or enforce his rights under his origi-

nal ERISA health insurance plan. Thus, plaintiff's complaint is not preempted by § 1132 of ERISA. Just as the Sixth Circuit rejected the defendant's argument in *Warner* that the plaintiff's claim was removable because it "necessarily call[ed] into question the validity of his retirement agreement which [was] said to be governed exclusively by federal ERISA law," this court must similarly reject Desoutter's argument that the present case is removable.

## V. CONCLUSION

Because removal and preemption are two distinct concepts, a case is not automatically removable when the complaint is preempted by ERISA § 1144(a) because it "relates to" an ERISA plan. To become removable, a plaintiff's state law complaint must be characterized as an ERISA action to recover benefits, secure rights, or enforce rights, as provided by § 1132(a)(1)(B) of ERISA. In this case, plaintiff's age discrimination claim arises solely under Michigan law and has no counterpart or superseding cause of action in § 1132 of ERISA. Removal was thus improper. Accordingly, plaintiff's motion to remand hereby is GRANTED.

SO ORDERED.