91 F.3d 143
 Pens. Plan Guide P 23926O
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Permelia Sue CLARKSTON, Plaintiff-Appellee,
v.
Dorothy D. HUBBARD, Defendant-Appellant.
 No. 95-3287.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1996.
 
 Before: MARTIN and SILER, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This case arises out of Permelia Sue (nee Hubbard) Clarkston's claim to life insurance proceeds on the life of her father, James B. Hubbard. Mr. Hubbard died on February 22, 1992, leaving a surviving spouse, the defendant, Dorothy D. Hubbard. On August 29, 1973, Mr. Hubbard was divorced from his former wife, Julia L. Hubbard, mother of the plaintiff. The judgment and decree of divorce, filed on the same date, incorporated a separation agreement signed by Mr. Hubbard. Pursuant to paragraph 10 of this separation agreement, Mr. Hubbard agreed to do the following:
 
 
 2
 10. Husband agrees to forthwith designate his daughter, Permelia Sue Clarkston, irrevocable beneficiary as to One-Half of all insurance benefits arising out of Husband's Insurance program with and through his employer, General Motors Corporation, and to furnish proof of said designation of beneficiary within a reasonable time after execution of the within agreement.
 
 
 3
 At the time of their divorce, James Hubbard had in full force and effect a Basic Group Life Policy (# 14000-G) and an Optional Group Life Policy (# 23600-G) with General Motors Corporation.
 
 
 4
 Mr. Hubbard changed at various times the beneficiary designation on the policies as follows:
 
 POLICY and BENEFICIARY
 
 5
 Date of Basic Group Policy Optional Group Policy
 Designation No. 14000"G No. 23600"G
 (1) 5/26/71 Julia Hubbard Julia Hubbard
 (2) 9/14/73 Dorothy D. Hubbard Dorothy D. Hubbard
 (3) 11/16/73 1/2 Dorothy D. Hubbard 1/2 Dorothy D. Hubbard
 1/2 Permelia Clarkston 1/2 Permelia Clarkston
 (4) 10/4/74 (no change) Dorothy D. Hubbard
 (5) 6/13/77 1/2 Permelia Clarkston (no change)
 1/2 Dorothy D. Hubbard
 
 
 6
 The administrator of General Motors' employee welfare benefits plans is Metropolitan Life Insurance Company. MetLife paid death benefits under the Basic Policy to Clarkston (one-half) and to Dorothy Hubbard (one-half). The entitlement to the proceeds of the Basic Policy is not in dispute. The parties disagree, however, as to the entitlement to the proceeds of the Optional Policy.
 
 
 7
 Clarkston filed suit in state court against Dorothy Hubbard, the Estate of James Hubbard, General Motors and MetLife, seeking a declaratory judgment under Ohio Revised Code section 2721.01 et seq. that she is entitled to one-half ($52,440.00) of the proceeds from the Optional Policy as an irrevocable third party beneficiary of her parents' divorce decree (not as beneficiary of the policy). Clarkston also sought a restraining order and permanent injunction prohibiting the corporate defendants from paying the policy proceeds to Hubbard. Clarkston also claimed entitlement to the proceeds under common law trust theories. Clarkston's claims for relief do not reference federal law.
 
 
 8
 General Motors and MetLife filed a notice of removal claiming that the district court had jurisdiction to "grant relief provided for in [1132] subsection (a)." The corporate defendants assumed (but did not discuss why) Clarkston's claims raised a federal question under ERISA's civil enforcement provision. 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(1)(B) provides that:
 
 
 9
 A civil action may be brought--
 
 
 10
 (1) by a participant or beneficiary--
 
 
 11
 * * *
 
 
 12
 (B) to recover benefits due to (her) under the terms of the plan, to enforce (her) rights under the terms of the plan, or to clarify (her) rights to future benefits under the terms of the plan;
 
 
 13
 After removal, General Motors and MetLife filed a counterclaim in federal court for a declaratory judgment as to Clarkston's entitlement to proceeds under ERISA. General Motors and MetLife filed motions to deposit funds with the court and to dismiss them as stakeholders, which were granted. Clarkston moved to have the case remanded to state court. The district court denied the motion for remand, reasoning in part that 1) Clarkston is a "beneficiary" as defined by ERISA because she has a "colorable claim to vested benefits;" 2) Clarkston's complaint is that "she has a colorable claim to proceeds of an ERISA-covered plan," and can only get remand by denying the merits of her claim, and 3) even if she is not a beneficiary, "an ERISA preemption defense provides a sufficient basis for removal of a cause of action to the federal forum." J.A. at 115 (citing Ingersoll-Rand Co. v. McClendon, 111 S.Ct. 478, 485 (1990)). The district court ruled on various other motions and also ordered Clarkston and Hubbard to file motions for summary judgment.
 
 
 14
 On August 16, 1993, Hubbard and Clarkston filed their respective motions for summary judgment. The district court entered its Decision and Judgment on March 31, 1994, granting summary judgment to Clarkston. On April 4, 1994, Hubbard filed a motion for reconsideration. On February 8, 1995, almost a year later, the district court entered its judgment denying the motion for reconsideration. On March 6, 1995, Hubbard filed her notice of appeal from the district court's decision to deny her motion for summary judgment and its decision denying her motion for reconsideration. This timely appeal followed.[1]
 
 
 15
 As an initial matter, we must assure ourselves that subject matter jurisdiction exists over this case. Community First Bank v. National Credit Union Admin., 41 F.3d 1050, 1053 (6th Cir.1994). Only federal question jurisdiction is asserted in this case. The original jurisdiction of the federal courts extends to causes of action "arising under the ... laws ... of the United States." 28 U.S.C. § 1331. The claim or right arising under federal law that provides the basis for federal jurisdiction is the plaintiff's claim or right. As a general rule, the federal question must be found in the plaintiff's "well-pleaded" complaint, and not in the defendant's notice of removal. In other words, federal question jurisdiction does not normally exist where a federal question is asserted only as a defense. As this Court observed in Warner v. Ford Motor Co., 46 F.2d 531 (6th Cir.1994) (en banc), the "well-pleaded complaint rule" provides that "the plaintiff is the master of the complaint, that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Id. at 533 (citing Catepillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987)); see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-53 (1908) (setting forth the well-pleaded complaint rule).
 
 
 16
 An exception to the well-pleaded complaint rule occurs in cases where the defendant claims that the plaintiff's claim is actually a civil enforcement action under 29 U.S.C. § 1132(a)(1)(B). "One corollary to the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). Warner is the leading case in this Circuit regarding when a case may be removed based on "complete preemption" under ERISA. Because Warner thoroughly explains the difference between "complete preemption" pursuant to Section 1132(a)(1)(B) (removal permitted) and "conflict preemption" pursuant to Section 1144(a) (no removal), we will not discuss it at length here. Warner, 46 F.3d at 533-535; see also Taylor, 481 U.S. at 63-64 (discussing complete preemption under 1132(a)). Suffice it to say that:
 
 
 17
 Removal is allowed in § 1132(a)(1)(B) type cases ... because of the [Supreme] Court's conclusion that Congress intended federal law to occupy the field of pension contract enforcement.... State causes of action not covered by § 1132(a)(1)(B) may still be subject to a preemption claim under § 1144(a) because the state law at issue may "relate to" a pension or employee benefit plan. But such actions are not subject to removal.
 
 
 18
 Removal and preemption are two distinct concepts. "The fact that a defendant might ultimately prove that a plaintiff's claims are preempted"--for example under 1144(a)--"does not establish that they are removable to federal court." The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court.
 
 
 19
 Warner, 46 F.3d at 534-35.
 
 
 20
 Clarkston has not chosen to assert any claim under federal law. General Motors and MetLife removed the action claiming that Clarkston's state law claims were in reality a claim for enforcement of her rights under 29 U.S.C. § 1132(a)(1)(B). If Clarkston's state law claims are a claim for civil enforcement by a "beneficiary" under an employee welfare plan, then the "complete preemption" exception to the well-pleaded complaint rule applies and removal was proper. Taylor, 481 U.s. at 63-65.
 
 
 21
 Clarkston's complaint cannot be construed as a claim for civil enforcement under 29 U.S.C. § 1132(a)(1)(B). Section 1132(a) specifically provides that only a participant or beneficiary may bring a civil enforcement action. The district court believed that Clarkston was a "beneficiary" under an employee welfare plan because she had a "colorable claim to vested benefits." J.A. at 115 (quoting Supreme Court's definition of a "participant" for ERISA purposes from Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989)). However, just as ERISA's definition of "participant" cannot be read to include "any person who claims to be one," Bruch, 489 U.S. at 117, neither can the term "beneficiary" in Section 1132(a) be read to include anyone who claims to be one. A beneficiary is defined in Section 1002(8) of ERISA as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Here, Clarkston does not even claim to be a beneficiary under the terms of the optional policy--she claims only a right to the proceeds. Indeed, the defendants recognize that Clarkston is not a contractual "beneficiary" under the optional policy. J.A. at 52 (Counter-complaint).
 
 
 22
 Clarkston has no vested rights either under the terms of the Optional Policy or by statute, nor a colorable claim to vested rights. The Optional Policy and General Motor's Group Insurance Certificate provide that insurance proceeds shall be paid only to the "Beneficiary of record," and that a beneficiary of the Optional Policy is "the person or persons designated by the employe [sic], on a form approved and filed with the records maintained by the employer ... to receive upon the employe's [sic] death the amount of Optional Life Insurance then payable." J.A. at 50-52. ERISA provides vesting rules only for employee pension plans, and not for employee welfare plans.[2] See 29 U.S.C. § 1053 (pension vesting rules); 29 U.S.C. § 1051 (vesting rules do not apply to an employee welfare plan); 29 U.S.C. § 1002(19) (defining "nonforfeitable" pension rights). With respect to a pension benefit or right, Section 1002(19) defines a "nonforfeitable" right as "a claim obtained by a participant or his beneficiary to that part of an immediate or deferred benefit ... which arises from the participant's service which is unconditional, and which is legally enforceable against the plan." Even if we were to adopt Section 1002(19)'s definition of a "nonforfeitable right" for application to this insurance plan, Clarkston has no "unconditional" right to the proceeds under the plan or in law. As stated above, Clarkston is a stranger to the plan because her father's most recent beneficiary designation named Dorothy Hubbard as 100% beneficiary. Under McMillan v. Parrott, 913 F.2d 310, 312 (6th Cir.1990), the beneficiary designation controls entitlement to the insurance proceeds. Thus, Clarkston does not have standing as a "beneficiary" to bring a Section 1132(a) action and removal was improper for lack of subject matter jurisdiction.
 
 
 23
 Our decision that Clarkston's claim is not a claim for civil enforcement under ERISA does not necessarily mean that one or all of her state law claims are not preempted under Section 1144(a);[3] it simply means that the action was not removable. Catepillar, 482 U.S. at 398; Warner, 46 F.3d at 535; see also Hamburger v. DeSoutter, Inc., 886 F.Supp. 616, 619 (E.D.Mich.1995) (observing that "the Warner court held that § 1144 of ERISA creates only ordinary preemption that 'supersedes' conflicting state law, but does not create the right of removal"). The state court will have to address each of Clarkston's state law claims to the insurance proceeds to determine whether Congress intended for state claims or state decisions to be pre-empted by ERISA. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 137 (1990) (stating that "whether a certain state action is pre-empted by federal law is one of congressional intent") (citation omitted). Whether a state law is pre-empted by ERISA is determined by whether it "relates to" the employee welfare, pension or benefit plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983) (stating that "a law 'relates to' an employee benefit plan, in the normal sense of that phrase, if it has a connection with or reference to such a plan"); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (holding that plaintiff's common law causes of action relating to the improper processing of a claim "related to" the ERISA plan). See also Metropolitan Life Ins. Co. v. Pressley, 82 F.3d 126, 129 (6th Cir.1996) (discussing pre-emption in relation to a divorce decree); see generally Aetna Life Ins. Co. v. Hussey, 63 Ohio St.3d 640, 642 (1992) (discussing the nature of a claim to proceeds under the theory of constructive trust).
 
 
 24
 Based on the foregoing, the judgment of the district court is VACATED, the case REMANDED to the district court with instructions to dismiss the case for want of subject matter jurisdiction.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Hubbard's notice of appeal was timely filed because her motion for reconsideration is construed as a Rule 59(e) motion under the Federal Rules of Civil Procedure. Osterneck v. Ernst & Whinney, 489 U.S. 169, 173-74 (1989) (stating that a post-judgment motion will be considered a Rule 59(e) motion "where it involves 'reconsideration of matters properly encompassed in a decision on the merits' "). Also, her motion was filed within ten days of the original judgment and her notice of appeal was filed within thirty days of the court's entry of its decision denying her motion for reconsideration. United States v. Grable, 25 F.3d 298, 301 (6th Cir.1994) (stating that a timely-filed Rule 59(e) motion tolled the time for filing a notice of appeal until the court ruled on the Rule 59(e) motion)
 
 
 [2]
 An employee welfare plan is defined in 29 U.S.C. § 1002(1) as "any plan ... established or maintained by an employer ... to the extent that such plan ... was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) ... benefits in the event of ... death...."
 
 
 [3]
 Section 1144(a) is the express preemption provision of ERISA. It provides:
 [T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.
 Subsection (c) defines "State law" to include "all laws, decisions, ... or other State action having the effect of law." (Emphasis added). However, because we do not have jurisdiction, the state court will have to decide whether Clarkston's claims are pre-empted.