Eugene L. **GARBACCIO** Plaintiff

v.

**COLUMBIA GAS TRANSMISSION CORPORATION** Defendant

**No. 1:03CV1333.**

United States District Court, N.D. Ohio, Eastern Division.

Oct. 3, 2003.

Eugene L. Garbaccio, Pro Se, Medina, Frank C. Gasper, Esq., Cleveland, OH, for Plaintiff.

James C. Wright, Esq., Melanie A. Morgan, Esq., Steptoe & Johnson, Wheeling, WV, for Defendant.

## MEMORANDUM OF OPINION AND ORDER TO REMAND

WELLS, District Judge.

This case was removed from the Ohio Court of Common Pleas for Medina County upon defendant Columbia Gas Transmission Corporation ("Columbia Gas")'s Notice of Removal. Plaintiff Eugene L. Garbaccio claims in his complaint that Columbia Gas "intends to clear cut a path 50 feet wide" on his property. He requests a temporary restraining order or injunction. The Court issued an Order to Show Cause, requesting Columbia Gas to demonstrate that the Court has subject matter jurisdiction in this case. (Docket no. 6.) Columbia Gas responded to the Order, asserting that this Court has diversity jurisdiction and federal question jurisdiction in this case. (Docket no. 8.) Plaintiff filed a rebuttal to Columbia Gas' response. (Docket no. 14.)

### Diversity Jurisdiction:

It is undisputed that diversity of citizenship exists in this case (Mr. Garbaccio— citizen of Ohio; Columbia Gas—citizen of Delaware and Virginia). The issue is whether the amount in controversy between the parties reaches the $75,000 jurisdictional minimum.

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993). Where a case is removed from a state court, the burden of proof for defendant to establish the diversity jurisdiction requirements is "preponderance of the evidence." *Id.* at 158.

The Complaint in this case does not seek damages, but injunctive relief. Courts have used three methods to determine the amount in controversy in cases seeking injunctive or declaratory relief: (1) by evaluating the value to the plaintiff of the order being sought ("plaintiff's view-

point"); (2) by appraising the cost to the defendant of complying with that order ("defendant's viewpoint"); (3) by using either party's viewpoint. *See McIntire v. Ford Motor Co.*, 142 F.Supp.2d 911, 921 (S.D.Ohio 2001). This Court, in a prior case, has decided that "injunctions should be valued from the plaintiff's viewpoint for jurisdictional purposes." *Perotti v. Black & Decker (U.S.) Inc.*, 205 F.Supp.2d 813, 818 (N.D.Ohio 2002) (citing *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970)).

▆ Columbia Gas argues that should Mr. Garbaccio's request for injunction be granted, it would have to remove the pipeline to another location, the cost of which exceeds $75,000. This argument values the injunction from Columbia Gas' viewpoint, an approach rejected by this Court. Columbia Gas further argues that Mr. Garbaccio's entire property is valued at $136, 640. However, Mr. Garbaccio does not claim damages to his entire property in his Complaint. Instead, he claims damages to the landscaping, the trees, and the septic pipes in the area to be clear-cut. Columbia Gas has not shown that these damages exceed $75,000. Therefore, Columbia Gas has failed to prove diversity jurisdiction in this case.

### Federal Question Jurisdiction:

In its Notice of Removal, Columbia Gas claims that federal question jurisdiction exists in this case because the counterclaim asserted by Columbia Gas is preempted by the Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. § 60101, et seq., and the Natural Gas Act ("NGA"), 15 U.S.C. § 717, et seq. In its Response to the Order to Show Cause, Columbia Gas adds one more argument: that Mr. Garbaccio's claim arises under the Taking Clause of the United States Constitution, Amendment XIV.

Other than a one-sentence assertion, Columbia Gas has not shown how Mr. Garbaccio's claim arises under the Taking Clause where the complaint makes no reference to the Taking Clause and the lawsuit is not against the government.

▆ Columbia Gas contends that the counterclaim it raises confers federal question jurisdiction because the counterclaim is preempted by the NGPSA and the NGA. This argument fails. First, "[a]s a general rule, the federal question must be found in the plaintiff's 'well-pleaded' complaint." *Clarkston v. Hubbard*, 91 F.3d 143, 1996 WL 382246 at *1 (6th Cir.1996). "There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule." *Texas v. Walker*, 142 F.3d 813, 816 (5th Cir.1998). Therefore, Columbia Gas' counterclaim does not confer federal question jurisdiction in this case.

Second, Columbia Gas fails to distinguish the question of whether a claim is preempted from the question of whether the case is removable. *See Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir.1995) (" 'The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted ... does not establish that they are removable to federal court.' ") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). For plaintiff's suit to be removable, this Court must conclude that the preemptive force of the statutes is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The cases cited by Columbia Gas, *National Fuel Supply v. Public Serv. Com'n*, 894 F.2d 571 (2nd Cir.1990), and

*ANR Pipeline Co. v. Iowa State Commerce Com'n,* 828 F.2d 465 (8th Cir.1987), address the question of preemption, not the issue of removal.

In *Clarkston v. Hubbard,* plaintiff filed suit in state court seeking a declaratory judgment that she was entitled to her deceased father's life insurance proceeds. Defendant removed the case to the federal court and filed a counterclaim under the Employee Retirement Income Security Act ("ERISA"). *Id.* at *1. Plaintiff filed a motion to remand, which the district court denied. *Id.* at *1. The Sixth Circuit reversed. It reasoned that an exception to the well-pleaded complaint rule occurs in cases where "the plaintiff's claim is actually a civil enforcement action" under ERISA, and in that case plaintiff's claim was not a civil enforcement action. *Id.,* at *2. The Sixth Circuit concluded that the removal was improper. *Id.* at *4.

In this case, Columbia Gas has not shown that Mr. Garbaccio's claim is actually an action under the NGPSA and the NGA. The exception to the well-pleaded complaint rule does not apply here. Therefore, Columbia Gas has failed to prove federal question jurisdiction in this case.

Because this Court does not have subject matter jurisdiction in this case, this case is remanded to the Ohio Court of Common Pleas for Medina County, the court from which the case was removed.

IT IS SO ORDERED.

### ORDER OF REMAND

This Court, having filed its Memorandum of Opinion and Order To Remand, hereby remands this case to the Ohio Court of Common Pleas for Medina County, the state court from which it was removed.

A certified copy of this order of remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of the Ohio Court of Common Pleas for Medina County.

IT IS SO ORDERED.