Benjamin ALFANO, Plaintiff–Appellant,

v.

AAIM MANAGEMENT ASSOCIATION, Defendant–Respondent.

No. 55149.

Missouri Court of Appeals, Eastern District, Division One.

May 23, 1989.

---

1. No view is expressed herein as to the correctness of the report and order on the legal questions considered.

Joseph A. Fenlon, Gregory G. Fenlon, Clayton, for plaintiff-appellant.

Richard C. Bresnahan, Clayton, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from a summary judgment for defendant on plaintiff's petition for breach of employment contract (Count I) and tortious interference with contract (Count II). We reverse and remand as to Count I, and affirm as to Count II.

From the record before us it appears plaintiff was residing in Minnesota and was employed by Control Data Corporation (CDC) as a computer programmer when defendant, a Missouri corporation, offered plaintiff a position with defendant titled "Manager, Computer Services." After negotiations plaintiff terminated his employment with CDC. Defendant then either withdrew its offer or fired plaintiff.

Plaintiff filed an action for breach of employment contract between plaintiff and defendant and for tortious interference with the employment contract between plaintiff and CDC. Defendant filed a motion for summary judgment on the ground that plaintiff was an employee-at-will under Missouri law who had voluntarily terminated his employment with CDC. The trial court heard argument and granted plaintiff 20 days to amend his petition. Plaintiff filed an amended petition alleging the law of the state of Minnesota applies.[1] Defendant and plaintiff filed affidavits[2] and sug-

---

1. Defendant's argument that plaintiff did not present the applicable law of Minnesota to the trial court is without merit. Section 509.220.2, RSMo.1986, requires our courts to take judicial notice of the law of another state when pled.

2. The text of plaintiff's affidavit follows:

Comes now Benjamin Alfano and states:
1. I am the named plaintiff herein.
2. Exhibit A attached to my petition is a true and accurate copy of the contract of employment between defendant AAIM Management Association and myself. [Exhibit A is a letter offering employment to plaintiff which plaintiff has signed.]
3. At the time of executing exhibit A I was a resident of the State of Minnesota and em-ployed by Control Data [CDC] in the State of Minnesota.
4. The negotiations regarding execution were commenced and finalized in the State of Minnesota.
5. Pursuant to my employment agreement with defendant AAIM Management Association I was to maintain my residence in the State of Minnesota and perform my obligations under the contract in the State of Minnesota.
6. Exhibit A, the contract for employment, was signed and accepted by me in the State of Minnesota.
7. Prior to execution of exhibit A, defendant learned of my relationship with Control Data and thereafter interfered with my rela-

gestions in support of and in opposition to the motion. The trial court, which had only the motion, the suggestions, the affidavits, and pleadings before it, granted summary judgment for defendant. In reaching its decision the court concluded that Missouri law, not Minnesota law, controls.

On appeal plaintiff contends the court erred in applying the law of Missouri rather than that of Minnesota when it granted defendant's motion for summary judgment on Counts I and II.

When reviewing a summary judgment, we scrutinize the record in the light most favorable to the party against whom the judgment was entered and accord that party the benefit of every doubt. *Edwards v. Heidelbaugh* 574 S.W.2d 25, 26–27 (Mo. App.1978); *see also Kammer v. Cohen Appliance & T.V. Center, Inc.*, 767 S.W.2d 574, 576 (Mo.App.1988); *Hawes v. O.K. Vacuum & Janitor Supply Co.*, 762 S.W.2d 865, 867 (Mo.App.1989). We affirm the judgment only where it is made manifest by the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and that the party moving for summary judgment is entitled to judgment as a matter of law. *See Kammer, Hawes* and Rule 74.04(c). If there is the slightest

doubt about the facts, a material issue of fact exists for purposes of avoiding summary judgment. *Edwards*, 574 at 27; *see also Kammer*, at 576, *Hawes*, 762 S.W.2d at 867. However, we must sustain the summary judgment if it is sustainable on any theory. *Flanary v. Rowlett*, 612 S.W.2d 47, 49 (Mo.App.1981).

■■■■ Under Missouri law, a plaintiff who is offered employment as an employee-at-will does not have a cause of action against the offeror for withdrawing the offer or firing him despite his reliance on the offer. *Rosatone v. GTE Sprint Communications*, 761 S.W.2d 670 (Mo.App. 1988). Minnesota, in contrast, recognizes an exception to the employment at will doctrine where the plaintiff has detrimentally relied on the offer of employment. *Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114 (Minn.1981). Plaintiff's breach of contract claim (Count I) states a cause of action under Minnesota law, but not under Missouri law.

Neither party has cited to us any cases which are helpful in determining whether plaintiff's tortious interference with contract claim (Count II) states a cause of action. Defendant, relying on 86 C.J.S. *Torts* § 44 (1955), *State Mutual Life As-*

---

tionship with Control Data, said acts occur[r]ing in the State of Minnesota.
The text of defendant's affidavit follows:
Comes now H.R. Redohl, President of AAIM Management Association and states as follows:
1. I am the President of AAIM Management Association and have held that position since the 15th day of Jan., 1974.
2. The facts stated herein are stated of my own personal knowledge.
3. I am over twenty-one years of age.
4. Beginning in April/May, 1986, negotiations commenced with Mr. Benjamin Alfano to commence employment with AAIM Manag[e]ment Association.
All of the negotiations concerning Mr. Alfano's prospective employment with AAIM Management Association occurred in St. Louis County, Missouri at the business offices of AAIM Management Association located at 8514 Eager Road, St. Louis, MO 63144.
5. Any and all discussions relating to the possibility of employing Mr. Alfano occurred in St. Louis County, Missouri.
6. It was envisioned if Mr. Alfano was employed by AAIM Management Association

that his job performance would be mainly carried out at the headquarters of AAIM Management Association located in St. Louis County, Missouri.
7. The alleged agreement attached to the Plaintiff's Petition was received by AAIM Management Association in St. Louis County, MO, after its execution.
8. AAIM Management Association is a non-profit corporation composed of members. The membership is comprised mainly of Missouri based business[es] and corporations.
9. In excess of 50% of the business of AAIM Management Association is generated in the revenues produced from Missouri based business[es] and memberships.
10. Mr. Alfano never began employment with AAIM Management Association. On June 11, 1986, by telephone, I contacted Mr. Alfano and told him that any employment offer was being rescinded which was prior to the commencement of any employment with AAIM Management Association by Mr. Alfano.

*surance Company of America v. Peat, Marwick, Mitchell & Co.*, 49 F.R.D. 202, 212 (C.C.S.D.N.Y.1969) and *Chipley v. Atkinson*, 23 Fla. 206, 219–20, 1 So. 934, 942–43 (1887), argued to the trial court that a party whose contractual relationship is interfered with by a third party has an action in tort, but that if the plaintiff had voluntarily severed the contractual relationship the cause of action does not arise. Plaintiff's assertion of a cause of action, however, is supported by a literal reading of § 766A of the Restatement (Second) of Torts (1977). The text of this section follows:

> § 766A. Intentional Interference with Another's Performance of His Own Contract
>
> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

We found no Missouri cases addressing the issue. The Supreme Court of Minnesota, however, has indicated that a plaintiff who is "prevented" from performing his contract because he has entered into an agreement with a third party not to perform cannot recover against that third party for tortious interference with contract. *Furlev Sales and Associates, Inc. v. North American Automobile Warehouse, Inc.*, 325 N.W.2d 20, 27 (Minn.1982). The court was interpreting § 766A when it reached this conclusion.

■ Plaintiff voluntarily terminated his employment with CDC either in anticipation of his employment with defendant or as part of an employment agreement with defendant. We believe that under Minnesota law plaintiff would be precluded from recovery. This view appears to be the prevailing one and we believe it should be followed in Missouri. Therefore, because plaintiff has stated no cause of action in Count II under either Missouri or Minnesota law, summary judgment on Count II is proper.

■ Since the law differs only as to plaintiff's breach of contract claim, we need only address the choice of law question in Count I. In both contract and tort we apply the principles of the Restatement (Second) of Conflicts of Law (1971) to determine which states' law governs. *National Starch and Chemical Corporation v. Newman*, 577 S.W.2d 99, 102 (Mo.App. 1979). The relevant provisions here governing the choice of law are § 6 (general) and § 188 (contract). To resolve this appeal we need to consider only § 188.

Section 188 provides:

§ 188. Law Governing in Absence of Effective Choice by the Parties.

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189–199 and 203.

■ The pleadings and affidavits show the following regarding the contacts to be considered when determining the choice of law on the contract claim: plaintiff was a

resident of Minnesota and defendant is incorporated in Missouri. Material issues of fact remain as to where the negotiations occurred; where the contract, if one was created, was entered into; and where the contract was to be performed.

Because there are genuine issues as to material facts required to resolve the choice of law question in the contract claim, the trial court erred in finding Missouri law applies and rendering summary judgment for defendant on Count I of plaintiff's petition.

Judgment affirmed as to Count II, and reversed and cause remanded as to Count I.

CRANDALL, P.J., and CRIST, J., concur.