Gale COX, Patricia Reilly, Larry Martin, Roger Gledhill, and Bruce Berend, Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF MICHIGAN, Defendant.

No. 93–74506–DT.

United States District Court, E.D. Michigan, Southern Division.

Sept. 19, 1994.

Michael S. Cafferty, Detroit, MI, for plaintiff.

Edward Fisher, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

EDMUNDS, District Judge.

This matter comes before the Court on Plaintiffs' motion for remand to state court. For the reasons set forth below, Plaintiffs' motion for remand is DENIED.

### I. FACTS

Plaintiffs, Gale Cox, Patricia Reilly, Larry Martin, Roger Gledhill and Bruce Berend filed claims for medical costs related to corrective surgery of their eyes for myopia and/or astigmatism with Defendant, Blue Cross and Blue Shield of Michigan. Blue Cross rejected the claims, alleging that the surgical procedure is not a covered benefit.

Plaintiffs filed this action in state court claiming: violation of the Michigan Consumer Protection Act, Mich.Comp.Laws Ann. §§ 445.901–.918; violation of the consumer protections in the Blue Cross enabling statute, Public Act 350, Mich.Comp.Laws Ann. §§ 550.1101–.1704; and breach of contract. Defendant removed the case to this court, claiming that Plaintiffs' claims were preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461 (ERISA). Plaintiffs filed a motion to remand, contending that their state law claims are not preempted.

### II. ANALYSIS

■ Under the "well pleaded complaint" rule, federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *Van Camp v. AT & T Information Systems*, 963 F.2d 119, 122 (6th Cir.1992) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987)). The complete preemption doctrine is an exception to the well pleaded complaint rule. *Van Camp*, 963 F.2d at 122. Under the "complete preemption doctrine," removal of a complaint sounding solely in state law claims is proper when the preemptive force of federal legislation is so complete that the state law claims are entirely supplanted by federal law. *Id.* at 122.

ERISA supersedes all State laws that relate to employee benefits plans. 29 U.S.C. § 1144(a). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *FMC v. Holliday*, 498 U.S. 52, 56, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) (ERISA comprehensively regulates employee pension and welfare plans and expressly and broadly preempts state laws relating to plans governed by ERISA). Employee benefits plans are broadly defined as any plan, fund, or program which was established or maintained by an employer or by an employee organization for the purpose of providing medical and other benefits for its participants through the purchase of insurance or otherwise. 29 U.S.C. § 1002(1).

Plaintiffs Gledhill, Martin, and Reilly obtained their medical insurance through their employers which self-funded the insurance plans; Blue Cross served as an administrator for these plans. Plaintiffs Cox and Berend obtained their insurance through their employers; Blue Cross underwrote these insurance plans. Thus, all of the Plaintiffs were covered by ERISA plans.

■ Where a lawsuit is essentially one to recover benefits from an ERISA plan, it comes under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), and is preempted by ERISA. *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 762 (5th Cir.1989). Thus, courts have held that state breach of contract claims and unfair trade practices claims under state consumer protection statutes are preempted. *Id.; accord Oaks Psychiatric Hospital, Inc. v. American Heritage Life Insurance Co.*, 814 F.Supp. 553, 555 (W.D.Tex.1993) (plaintiff's claims of negligent verification and misrepresentation, breach of duty of good faith, breach of contract, and violation of Texas insurance code and business code were preempted).

■ Plaintiffs erroneously argue that the insurance plans at issue in this case were not self-funded and thus that ERISA preemption does not apply. They contend that the plans were either underwritten or that the stop loss clause in the policies renders the policies underwritten. As discussed above, ERISA broadly preempts state laws relating to

ERISA plans; preemption applies to all employer benefit plans, whether such plans are underwritten or self-funded. 29 U.S.C. §§ 1002(1) and 1144(a).

■ The distinction between underwritten plans and self-funded plans only comes into play when determining whether or not a state law regulating the business of insurance is preempted by ERISA. State laws regulating the business of insurance are not preempted with regard to underwritten plans. 29 U.S.C. § 1144(b)(2)(A) (the "savings clause"). State laws regulating insurance are preempted with regard to self-funded plans. 29 U.S.C. 1144(b)(2)(B) (the "deemer clause"). *FMC v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Hampton Industries, Inc. v. Sparrow*, 981 F.2d 726 (4th Cir.1992).

■ A state law regulating insurance is defined as follows:

1. The law is specifically directed at the insurance industry;

2. The law transfers or spreads policyholder risk; and

3. The law affects an integral part of the policy relationship between insurer and insured.

*Ramirez*, 890 F.2d at 763 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).

In *Ramirez*, the court dealt with a state statutory claim similar to the statutory claims alleged here. In that case, the plaintiff argued that the Texas statute upon which he based his claim was not preempted because it was a statute that regulated the business of insurance. The statute was part of the insurance code and provided a private right of action to persons injured by unfair and deceptive trade practices by insurers. The insurance code essentially incorporated the same terms as the Texas Deceptive Trade Practices Act, a general consumer protection act. The statute met the first prong of the definition of state laws regulating the business of insurance, i.e., it was part of the state insurance code and was directed at the insurance industry. However, it did not meet the second and third prongs of the definition. It did not spread policyholder risk nor did it define the relationship between the insurer and the insured. Thus, the Fifth Circuit found that ERISA preempted the state statute. *Ramirez*, 890 F.2d at 763–764.

■■ In this case it is not necessary to determine whether or not the plans at issue are underwritten or self-funded, as none of Plaintiffs' claims relate to state laws regulating the business of insurance. Plaintiffs' complaint states a cause of action under the Michigan Consumer Protection Act, Mich. Comp.Laws Ann. §§ 445.901–.918, essentially claiming that Blue Cross deceptively represented the insurance benefits and failed to provide promised benefits. The complaint also alleges that Blue Cross violated the consumer protection portion of Public Act 350, Mich.Comp.Laws Ann. § 550.1211a, by misrepresenting the insurance coverage, failing to conduct a reasonable investigation of Plaintiffs' insurance claims, and failing to pay for Plaintiffs' eye surgery. Finally, Plaintiffs state a breach of contract claim, alleging that Blue Cross breached the terms of the insurance contracts by failing to pay for Plaintiffs' eye surgery.

Breach of contract law and the Michigan Consumer Protection Act are laws of general application. They are not directed to the insurance industry. While Public Act 350 is a law regulating health care insurers, the portion of the act that forms the basis of Plaintiffs' cause of action (Mich.Comp.Laws Ann. § 550.1211a) essentially incorporates the Michigan Consumer Protection Act. Like the state law at issue in *Ramirez*, the relevant portion of the statute does not spread risk among policyholders nor does it define the relationship between the insurer and the policyholder. Because none of the state laws raised by Plaintiffs' complaint are laws regulating the business of insurance, ERISA preempts these claims regardless of whether the Plaintiffs' insurance plans are self-funded or underwritten. The essence of Plaintiffs' suit is a claim to recover medical benefits under ERISA plans. Thus, ERISA preempts Plaintiffs' state law claims.

## III. Conclusion

For the reasons stated above, Plaintiffs' claims are preempted by ERISA, and thus, Plaintiffs' motion to remand is DENIED.