Lance **FOSTER, Individually and as the Personal Representative of the Estate of Shelly Foster, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF MICHIGAN, Defendant.**

No. 95–70501.

United States District Court, E.D. Michigan, Southern Division.

June 23, 1997.

Drew Masse, Toledo, OH, for Plaintiff.

Raymond Morganti, Southfield, MI, for Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

EDMUNDS, District Judge.

This matter comes before the Court on cross motions for summary judgment. Defendant filed its motion on April 15, 1997, claiming that all of Plaintiff's state law claims are preempted by ERISA. Plaintiff concedes that most of his state law claims are preempted. However, he seeks summary judgment on his claim under the Nonprofit Health Care Corporation Reform Act, Michigan Handicapper's Civil Rights Act, and in the alternative, under ERISA. For the reasons stated below, this Court finds that all of Plaintiff's claims are preempted by ERISA, with the exception of a claim under portions of the Nonprofit Health Care Corporation Act. The Court also finds that Defendant is entitled to summary judgment on that remaining claim and on any claim under ERISA.

## I. Facts

Plaintiff Lance Foster is suing personally and as the personal representative of the estate of his wife, Shelly Foster. Mrs. Foster was diagnosed with breast cancer, and in August of 1992, her physician prescribed high–dose chemotherapy with peripheral stem cell rescue and autologous bone marrow transplantation. Mrs. Foster had health insurance through Defendant Blue Cross. Blue Cross refused to pay for this treatment, claiming that it was experimental or investigational in nature and it was excluded under policy Riders BMT and GLE–1. After Blue Cross denied the request for payment, Mrs. Foster did not receive the treatment and died. Her husband brought suit against Blue Cross under a number of different state law theories. Blue Cross removed this case based on a federal question under ERISA.

## II. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one–sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553. Once the movant meets this burden, the non–movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To demonstrate a genuine issue, the non–movant must present suffi-

cient evidence upon which a jury could reasonably find for the non–movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512.

The court must believe the non–movant's evidence and draw "all justifiable inferences" in the non–movant's favor. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2514.

## III. Analysis

### A. Standard for ERISA Preemption

Defendant moves for summary judgment on Plaintiff's state law claims due to ERISA preemption. ERISA supersedes all state laws that relate to employee benefit plans. 29 U.S.C. § 1144(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (ERISA comprehensively regulates employee pension and welfare plans and expressly and broadly preempts state laws relating to plans governed by ERISA). Employee benefits plans are broadly defined as any plan, fund, or program which was established or maintained by an employer or by an employee organization for the purpose of providing medical and other benefits for its participants through the purchase of insurance or otherwise. 29 U.S.C. § 1002(1).

The Supreme Court recently acknowledged that the "relate to" language of ERISA's preemption clause is "unhelpful." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 646–49, 115 S.Ct. 1671, 1673, 131 L.Ed.2d 695 (1995). However, "ERISA's preemption provision is clearly expansive." *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, —— U.S. ——, ——, 117 S.Ct. 832, 837, 136 L.Ed.2d 791 (1997). To determine if a law is preempted by ERISA, the Supreme Court looks at two factors: "A law relates to a covered employee benefit plan for purposes of § 514(a) if it (1) has a connection with or

(2) reference to such a plan." *Id.* (citations omitted).

■ If a law relates to ERISA, it may still be saved from preemption by virtue of the insurance savings clause, 29 U.S.C. § 1144(b)(2)(A) State laws regulating insurance are not preempted for underwritten plans like those in this case. In evaluating whether or not a particular law falls into the business of insurance, courts must evaluate the law to see if "common sense" dictates that it regulates insurance. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987). Courts must also evaluate the law under three criteria, derived from the McCarran–Ferguson Act, 15 U.S.C. § 1011:(1) whether the practice has the effect of transferring or spreading a policy holder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *Id.* at 50–51, 107 S.Ct. at 1554–55; *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 743, 105 S.Ct. 2380, 2391, 85 L.Ed.2d 728 (1985).

### B. State Law Claims of Breach of Contract, Bad Faith and Infliction of Emotional Distress, Negligent Misrepresentation and Fraud, and Wrongful Death

■ Plaintiff's complaint contains claims for breach of contract (Counts I and II), bad faith and infliction of emotional distress (Count III), negligent misrepresentation and fraud (Count IV), wrongful death (Count V). Plaintiff concedes that all these causes of action are preempted by ERISA. The Court agrees that all of these causes of action are preempted. The Supreme Court and the Sixth Circuit have made clear that claims for breach of contract,[1] bad faith,[2] infliction of

emotional distress,[3] misrepresentation or fraud,[4] and wrongful death [5] are preempted.

The Sixth Circuit has stated that where ERISA provides a specific remedy for an alleged wrong, it preempts all other claims. *Perry v. P*I*E Nationwide, Inc.*, 872 F.2d 157, 161 (6th Cir.1989), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990). ERISA has a specific remedy for Plaintiff's claims in 29 U.S.C. § 1132(a)(1)(B). Although this provision might not allow the Plaintiff to recover given the facts of this particular case, his claims are still preempted. All of his state common law claims arise out of an allegedly improper denial of benefits. ERISA preempts all causes of actions that attempt to recover for a denial of benefits. This may seem harsh result in this case, but it is an unfortunate consequence of the breadth of ERISA's preemption clause. "One consequence of ERISA preemption, therefore, is that plan beneficiaries or participants bringing certain types of state actions—such as wrongful death—may be left without a meaningful remedy." *Tolton*, 48 F.3d at 943.

Even though Mr. Foster was not the participant or beneficiary, his claims are based on the denial of benefits to his wife, who was the plan participant. For this reason, his claims are preempted by ERISA. Other courts have found preemption in similar circumstances. For example, in *Kuhl v. Lincoln National Health Plan of Kansas City, Inc.*, 999 F.2d 298 (8th Cir.1993), plaintiffs were the wife and children of a man who had sought treatment for his heart condition, was denied treatment, and died. They alleged that the insurance company wrongfully denied decedent benefits, and they brought suit for breach of contract, medical malpractice, interference with contract, and infliction of emotional distress. The court held that these claims were all based on the defen-

---

1. *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991).

2. *Id.; Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50–51, 107 S.Ct. 1549, 1554–55, 95 L.Ed.2d 39 (1987).

3. *Tassinare v. American National Ins. Co.*, 32 F.3d 220, 224–25 (6th Cir.1994) (emotional dis-

tress claim brought for violation of fiduciary duty was preempted by ERISA.)

4. *Cromwell*, 944 F.2d at 1276.

5. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 943 (6th Cir.1995).

dant's alleged misconduct in denying benefits, and therefore, were preempted by ERISA. The Sixth Circuit relied in part upon *Kuhl* when it decided *Tolton. See Tolton,* 48 F.3d at 943.

Plaintiff's state common law claims all arose out of Defendant's allegedly wrongful denial of benefits. Accordingly, they are preempted by ERISA and summary judgment on counts one through five will be granted to Defendant.

### C. Michigan's Handicappers Civil Rights Law

■ Defendant claims that Plaintiff may not maintain a cause of action against it under the Handicapper's Civil Rights Statute, Mich.Comp.Laws Ann. §§ 37.1101–37.1607 (West 1985 & Supp.1997). Plaintiff argues that his claim is not preempted for the reasons this Court stated in *Calvert v. Xerox Corp.,* 1994 WL 449329 (E.D.Mich. 1994), *appeal dismissed,* 50 F.3d 10 (6th Cir.1995). Plaintiff's position is incorrect, and this Court finds that his claim under the Handicapper's statute is preempted by ERISA.

In *Calvert,* the plaintiff was discharged when he took disability leave in order to obtain a heart bypass operation. Calvert asserted that he was discharged because of his heart condition, a handicap. Defendants removed the case, claiming that there was a federal question because Plaintiff's cause of action was preempted by ERISA.[6] This Court remanded the case after finding that "Plaintiff's claims [under the Handicapper's statute] are related only incidentally to the Xerox plan." *Id.* at *4. The present matter is distinguishable from *Calvert.* Calvert's suit was against his employer for wrongful termination. He alleged that his handicap was the basis for his discharge. His suit, therefore, did not raise a question under ERISA. In the present matter, Plaintiff alleges that his wife was wrongfully denied health care benefits under a Blue Cross plan. Foster's action raises a question under ERISA plan because it concerns the structure and administration of the plan, relates to the amount and types of benefits available, and seeks recovery for benefits.[7] Because Plaintiff's claim under Michigan's Handicapper's Civil Rights statute relates to an ERISA plan, it is preempted, and summary judgment for the Defendant is proper on this claim.

### D. Michigan's Nonprofit Health Care Corporation Reform Act

Plaintiff also bases his claim on portions of Michigan's Nonprofit Health Care Corporation Reform Act, Mich.Comp.Laws Ann. §§ 550.1101 to 550.1704 (West 1993 & Supp. 1997). The Act is the enabling legislation for Defendant Blue Cross. It mandates requirements for the structure of a Nonprofit Health Care Corporation[8], specifies required

---

**6.** Defendant Xerox Corp. also claimed that there was diversity jurisdiction and an individual Defendant was fraudulently joined in order to destroy complete diversity. For reasons unrelated to the present lawsuit, this Court found in *Calvert* that there was not fraudulent joinder, and therefore, there was no diversity jurisdiction.

**7.** Further, the legal issues involved in *Calvert* and the present matter are different. *Calvert* concerned a motion to remand, while this case involves preemption. Plaintiff correctly notes that this Court analyzed preemption of Handicapper's Civil Rights Act claims in *Calvert.* Recent Sixth Circuit law demonstrates that this Court's conclusion to remand was proper, although the preemption analysis in *Calvert* was unnecessary and improper in the context of the motion to remand. *Warner v. Ford Motor Co.,* 46 F.3d 531, 535 (6th Cir.1995) ("Removal and preemption are two distinct concepts.") The *Warner* court overruled

a decision that this Court relied on in *Calvert. Van Camp v. AT & T Information Systems,* 963 F.2d 119 (6th Cir.), *cert. denied,* 506 U.S. 934, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992), *overruled by Warner,* 46 F.3d at 535.

The present case involves the issue of preemption only. There is no question that removal was proper because there is a federal question. Plaintiff is seeking a determination that his wife was owed benefits under the terms of her health care policy through Blue Cross. Such an action raises a federal question under 29 U.S.C. § 1132. *See also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] removable to federal court.").

**8.** Mich.Comp.Laws Ann. §§ 550.1201 to 550.1313.

and prohibited acts,[9] and lists requirements for relations between Nonprofit Health Care Corporations and health care facilities.[10] It does not directly mention or regulate employee welfare benefit plans in Michigan. Instead, it imposes requirements on Nonprofit Health Care Corporations, one of the types of insurance companies that ERISA plans may hire to meet their health insurance needs.

Plaintiff asserts that provisions of the Act required Blue Cross Defendant to provide coverage for Ms. Foster. Mich.Comp.Laws Ann. § 550.1416 provides:

(1) Subject to dollar limits, deductibles, and co–insurance provisions that are not less favorable than those for physical illness generally, a health care corporation shall offer or include, in each group and non–group certificate, coverage for breast cancer diagnostic services, breast cancer outpatient treatment services, and breast cancer rehabilitative services.

\* \* \* \* \* \*

(3) As used in this section:

(b) "Breast cancer rehabilitative services" means a procedure intended to improve the result of, or ameliorate the debilitating consequences of, treatment of breast cancer, delivered on an inpatient or outpatient basis, including but not limited to, reconstructive plastic surgery, physical therapy, and psychological and social support services.

(d) "Breast cancer outpatient treatment services" means a procedure intended to treat cancer of the human breast, delivered on an outpatient basis, including but not limited to surgery, radiation therapy, chemotherapy, hormonal therapy, and related medical follow–up services.

Section 1416a of the Nonprofit Health Care Corporation Reform Act provides that coverage for antineoplastic therapy shall be provided if the following criteria are met:

(a) The drug is ordered by a physician for the treatment of a specific type of neoplasm.

(b) The drug is approved by the federal food and drug administration for use in antineoplastic therapy.

(c) The drug is used as part of an antineoplastic drug regimen.

(d) Current medical literature substantiates its efficacy and recognized oncology organizations generally accept its treatment.

(e) The physician has obtained informed consent from the patient for the treatment regimen which includes federal food and drug administration approved drugs for off–label indications.

Plaintiff also argues that Defendant violated section 550.1402, which states:

(1) A health care corporation shall not do any of the following:

(a) Misrepresent pertinent facts or certificate provisions relating to coverage.

\* \* \* \* \* \*

(d) Refuse to pay claims without conducting reasonable investigation based upon the available information.

Defendant argues that the Nonprofit Health Care Corporation Reform Act is preempted by ERISA. Defendant urges this Court to find preemption based on this Court's holding in *Cox v. Blue Cross & Blue Shield of Michigan*, 869 F.Supp. 501 (E.D.Mich.1994). In *Cox*, this Court held that provisions of the Act were related to an employee welfare benefit plan, and therefore, were preempted by ERISA. *Cox* was decided before *Travelers* and *Dillingham* were decided by the Supreme Court, so this Court must reexamine its holding in light of those cases. Plaintiff contends that this statute is not preempted because it has only an indirect effect on an employee welfare benefit plan. Alternatively, Plaintiff contends that this statute is saved from ERISA preemption by the insurance savings clause in 29 U.S.C. § 1144(b)(2)(A).

**1. Sections 550.1416 and 550.1416a**

 This Court finds that sections 550.1416 and 550.1416a are not preempted by

---

**9.** Mich.Comp.Laws Ann. §§ 550.1501 to 550.1518.

**10.** Mich.Comp.Laws Ann. §§ 550.1501 to 550.1518.

ERISA because even if they relate to an ERISA plan, they would be saved by virtue of the insurance savings clause. The sections have too tenuous a relation to an ERISA plan to merit preemption. "A law relates to a covered employee benefit plan for purposes of § 514(a) if it (1) has a connection with or (2) reference to such a plan." *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.,* — U.S. ——, ——, 117 S.Ct. 832, 837, 136 L.Ed.2d 791 (1997) (citations omitted). These sections do not make direct reference to welfare benefit plans, and therefore are not preempted under the second prong of the *Dillingham* test.

■ However, since many employee welfare benefit plans choose to use Blue Cross in their plans, the law has some connection to ERISA plans. To determine if this connection is forbidden under the first prong of the *Dillingham* test, courts must look at "the objectives of the ERISA statute as a guide to the scope of the state law the Congress understood would survive" and "the nature of the effect of the state law on ERISA plans." *Dillingham,* —— U.S. at ——, 117 S.Ct. at 838; *Travelers,* 514 U.S. at 656–57, 115 S.Ct. at 1677.

The purpose of ERISA is:

to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government ..., [and to prevent] the potential for conflict in substantive law ... requiring the tailoring of plans and employer conduct to the peculiarities of each jurisdiction.

*Travelers,* 514 U.S. at 656–57, 115 S.Ct. at 1677 (quoting *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 142, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1990)).

In *Travelers,* the Court evaluated a New York law that imposed surcharges on hospital rates for patients not enrolled in a Blue Cross plan. The law also imposed surcharges on certain Health Maintenance Organizations. However, the Supreme Court held that these charges were not preempted by ERISA. The Court held:

An indirect economic influence, however, does not bind plan administrators to any particular choice and thus function as a regulation of an ERISA plan itself; .... Nor does the indirect influence of the surcharges preclude uniform administrative practice or the provision of a uniform interstate benefit package if a plan wishes to provide one. It simply bears on the costs of benefits and the relative costs of competing insurance to provide them. It is an influence that can affect a plan's shopping decisions, but it does not affect the fact that any plan will shop for the best deal it can get, surcharges or no surcharges.

*Travelers,* 514 U.S. at 659–60, 115 S.Ct. at 1679.

Based on the Supreme Court's holding in *Travelers,* it appears that §§ 550.1416 and 1416a of the Act do not "relate to" an ERISA plan, and therefore, are not preempted by it. While the Act unquestionably has an indirect economic influence on those plans choosing to use Blue Cross for their coverage, the law itself does not regulate those plans or impose a different administrative regimen upon them. It regulates Blue Cross, a company that some plans choose to hire to assist in the operation of their plans. The plans are still free to select another insurer for their coverage, in which case the requirements of those provisions would not apply. The operation, administration, and requirements for plans are still mandated by ERISA. Sections 550.1416 and 1416a do not affect any plan's requirements under ERISA. Following Blue Cross's argument to its logical conclusion would lead to a finding that Michigan is not allowed to impose any regulations at all upon Blue Cross. Therefore, the Court finds that §§ 550.1416 and 1416a are not preempted because they do not relate to an ERISA plan.

■ Even if these sections did relate to an ERISA plan, they would be saved from preemption because they are state laws regulating insurance. They spread the risk of payment for antineoplastic treatment over a large group of people. Spreading the risk of payment for a high cost treatment over a large group of people is an integral part of

the relationship between Blue Cross and all of its subscribers. Finally, these sections only apply to those entities covered by the Act.

Case law strongly supports the finding that §§ 550.1416 and 550.1416a are saved from preemption. In *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728, (1985), the Supreme Court found that a state law mandating that minimum levels of mental health benefits be included in state insurance policies was not preempted. "[I]t is both historically and conceptually inaccurate to assert that mandated–benefit laws are not traditional insurance laws." *Id.* at 742, 105 S.Ct. at 2390. The Sixth Circuit held in *Michigan United Food & Commercial Workers Unions v. Baerwaldt,* 767 F.2d 308 (6th Cir.1985), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 801, 88 L.Ed.2d 777 (1986), that a Michigan statute requiring insurance companies to provide minimum levels of substance abuse treatment was saved from ERISA preemption. Mandated benefits laws such as sections 1416 and 1416a fall within the scope of ERISA's savings clause, and therefore, are not preempted.

### 2. Section 550.1402

■ Section 550.1402, however, relates to an ERISA plan and is not saved from preemption. It allows a cause of action against a Nonprofit Health Care Corporation for misrepresentation or a refusal to pay claims. The Sixth Circuit has stated that where ERISA provides a specific remedy for an alleged wrong, it preempts all other claims. *Perry v. P*I*E Nationwide, Inc.,* 872 F.2d 157, 161 (6th Cir.1989), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990). ERISA has a specific remedy for the wrongful denial of coverage in 29 U.S.C. § 1132(a)(1)(B). As previously noted, the Sixth Circuit has held that claims of misrepresentation are preempted by ERISA.

*Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991). Therefore, Plaintiff's claim under Mich.Comp.Laws Ann. § 550.1402 relates to an ERISA plan, and is preempted.

■ The provisions of § 550.1402 are also not saved from preemption by virtue of the insurance savings clause. This holding is consistent with a previous ruling of this Court. In *Cox v. Blue Cross and Blue Shield of Michigan,* 869 F.Supp. 501 (E.D.Mich.1994), this Court found that Mich. Comp.Laws Ann. § 550.1211a was not saved from preemption due to the savings clause. The relevant portions of § 550.1211a and § 1402 are identical.[11] Like § 550.1211a, § 550.1402 does not spread risk over a large group of people, and it does not define the relationship between the insured and the policyholder. Both sections incorporate portions of Michigan's Consumer Protection Act, a law of general application. An analysis of the McCarran–Ferguson criteria leads this Court to conclude that § 550.1402 does not regulate insurance, and therefore, is not saved from ERISA preemption.

### E. Does Plaintiff Have Standing to Sue for Violations of Sections 550.1416 and 550.1416a?

■ Blue Cross claimed in its response to Plaintiff's motion for summary judgment that Mr. Foster may not bring a direct cause of action against it. Instead, Defendant argues that Plaintiff's remedy is limited to an injunctive or declaratory action against the Michigan Insurance Bureau. Mich.Comp.Laws Ann. § § 50.1619(3) provides that "[A]ny person may bring an action in the circuit court for Ingham county for declaratory and equitable relief against the commissioner or to compel the commissioner to enforce this act or rules promulgated under this act." *See also Varol v. Blue Cross & Blue Shield of Michigan,* 708 F.Supp. 826, 832 (E.D.Mich. 1989) (no private cause of action exists for

---

**11.** Section 550.1211a(2) provides, "[a] health care corporation providing services under [§ 550.1211] shall not do any of the following ... (a) misrepresent pertinent facts relating to coverage ... [or] (d) Refuse to process claims without conducting a reasonable investigation based on available information."

Section 550.1402 provides, "(1) [a] health care corporation shall not do any of the following ... (a) misrepresent pertinent facts or certificate provisions relating to coverage ... [or] (d) Refuse to pay claims without conducting a reasonable investigation based on available information."

violation of Mich.Comp.Laws Ann. § 550.1502(2) & (3)). There is no other provision in the Act authorizing Plaintiff to bring suit for an alleged violation of §§ 1416 and 1416a. Accordingly, this Court finds that Plaintiff lacks standing on this claim. However, even though Plaintiff may not bring a direct cause of action against Blue Cross for violation of §§ 1416 or 1416a, those laws still create requirements for insurance companies, and a violation may result in liability under 29 U.S.C. § 1132(a)(1)(B).

#### F. ERISA § 1132(a)(1)(B)

Given the particular facts of this case, the Court must conclude that Defendant is entitled to summary judgment on Plaintiff's claim under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). Under that section, "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* Mr. Foster is not the participant or beneficiary, so he may not personally bring an ERISA suit. As the representative for his wife's estate, he may bring a suit on her behalf. However, the only recovery allowed by this section is a recovery of plan benefits. Due to Ms. Foster's death, an award of benefits is not available. Further, ERISA does not allow an award of extracontractual damages. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147–48, 105 S.Ct. 3085, 3092–93, 87 L.Ed.2d 96 (1985) (no extracontractual damages allowed for breach of fiduciary duty by plan administrators); *Varhola v. Doe,* 820 F.2d 809, 817 (6th Cir. 1987) (extending *Russell's* holding to § 1132(a)(1)(B) action); *Scott v. Central States, Southeast and Southwest Areas Pension Plan,* 727 F.Supp. 1095, 1096 (E.D.Mich. 1989) (same). Because Plaintiff would not be able to prove any damages compensable under ERISA, this Court grants Defendant's motion for summary judgment.

### IV. Conclusion

For the reasons stated above, this Court hereby **GRANTS** Defendant's motion for summary judgment on all claims and **DENIES** Plaintiff's motion for summary judgment.

**SO ORDERED.**