**TWO RIVERS PSYCHIATRIC HOSPITAL, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF MICHIGAN, Defendant.**

**No. 4:96CV01842 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 14, 1998.

## MEMORANDUM AND ORDER

GUNN, Senior District Judge.

This matter is before the Court on defendant's motion for summary judgment.

Plaintiff Two Rivers Psychiatric Hospital, a Missouri resident, filed this action for breach of contract in the Circuit Court of the City of St. Louis on August 14, 1996. Defendant Blue Cross/Blue Shield of Michigan, a Michigan resident, removed to this Court on September 12, 1996. Plaintiff's complaint alleges that it provided inpatient psychiatric services to two of defendant's insureds, that the insureds executed an assignment of benefits in favor of plaintiff and that defendant has since refused to pay the medical expenses of its insureds.

## I. Background

Angela Griffin and Nancy Taylor are Michigan residents who, during the period relevant to this lawsuit, were policyholders of defendant. Both Griffin and Taylor received inpatient psychiatric treatment at Two Rivers in 1992. Each incurred substantial charges for treatment, and defendant denied Two Rivers' claim for payment after determining the inpatient care was not medically necessary. Pursuant to the terms of the policies, plaintiff requested and received a "Second Level Review" by defendant, which resulted in partial payment on the claim resulting from Griffin's hospitalization.

Two Rivers then filed an external appeal with the Michigan Insurance Bureau. On January 6, 1994, the Bureau issued a review and determination concluding that defendant established that Griffin's and Taylor's conditions were not severe enough to meet their respective health care plans' requirements for inpatient care. Accordingly, it declined to order defendant to pay plaintiff an additional amount for the care provided Griffin and Taylor. The Bureau also notified plaintiff of its right under Michigan law to request a "contested case hearing" within 60 days. Two Rivers requested such a hearing, but ultimately failed to pursue that option, instead choosing to file this action.

Nicholas G. Higgins, Sr., Whaley Higgins and Associates, Fenton, MO, for Two Rivers Psychiatric Hosp.

Mark A. Kinzie, Martin J. Toft, Eric A. Todd, Stinson and Mag, St. Louis, MO, Scott C. Hecht, Kansas City, MO, for Blue Cross and Blue Shield of Michigan.

## II. *Discussion*

Summary judgment shall be entered if the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In ruling on a motion for summary judgment, this Court views the evidence and all reasonable inferences which may be drawn therefrom in the light most favorable to the nonmoving party. *Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 775 (8th Cir.1995). In response to a properly supported motion, the nonmoving party must set forth specific facts, by affidavit or other evidence, which demonstrate the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.

The parties agree that Griffin was a participant in a benefit plan governed by the Employee Retirement Income Security Act (ERISA). Accordingly, the Court wears two hats on this occasion, one to determine the parties' rights under applicable state law (Count V) and another to determine their rights under ERISA (Count II).

### A. *Count V*

■ The parties disagree whether Michigan or Missouri law governs this action. Federal courts sitting in diversity must apply the choice-of-law rules of the forum state. *Dorman v. Emerson Elec. Co.,* 23 F.3d 1354, 1358 (8th Cir.1994). When deciding choice-of-law issues regarding contracts, Missouri follows the "most significant relationship" test of the Restatement (Second) of Conflict of Laws to decide which of several states' law to apply. *Hartzler v. American Family Mut. Ins. Co.,* 881 S.W.2d 653 (Mo.Ct.App. 1994). Under this test, the rights and duties of a party to a contract "are determined by the local law of the state which ... has the most significant relationship to the transaction and the parties...." *Alfano v. AAIM Mgt. Ass'n,* 770 S.W.2d 743 (Mo.Ct.App. 1989). Relevant factors to this determination are: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, place of incorporation and place of business of the parties. *Id.* at 746.

Here, there is no dispute that the contract was entered into in Michigan and that the premiums and benefits were paid in Michigan. At the time of their treatment, both Griffin and Taylor were Michigan residents. That plaintiff is a Missouri resident and the treatment giving rise to the lawsuit occurred in Missouri is of minimal concern in this contractual dispute. The Court finds that Michigan law applies to this action.

■ Having found that Michigan law applies to Count V, the Court finds that plaintiff has failed to exhaust its administrative remedies and will dismiss Count V.

What plaintiff seeks here is judicial review of the decision of the Michigan Insurance Bureau. M.C.L. § 550.1404 governs the procedures for challenging a wrongful determination of health benefits. The section provides, *inter alia,*

"[i]f either the health care corporation or the person disagrees with a determination of the commissioner or his or her designee under this section, the commissioner or his or her designee, if requested to do so by either party, shall proceed to hear the matter as a contested case under the administrative procedures act."

M.C.L. § 550.1404. The Administrative Procedures Act requires that a party seeking judicial review of an administrative decision must exhaust its administrative remedies before filing suit. M.C.L. § 24.301. *Bonneville v. Michigan Corrections Org.,* 190 Mich.App. 473, 476 N.W.2d 411 (1991).

Plaintiff concedes that it did not exhaust its administrative remedies but argues that it is exempted from doing so because requesting the Insurance Bureau to review its own determination would have been futile. In other words, plaintiff's futility argument is based upon the proposition that the Insur-

ance Bureau is incapable of conducting an unbiased review of an earlier decision. The Court declines to accept that proposition, for doing so would undermine a primary reason for the exhaustion doctrine, avoiding the disruption of a cohesive administrative scheme. *International Business Machines Corp. v. Michigan,* 75 Mich.App. 604, 255 N.W.2d 702 (1977). Because plaintiff has failed to exhaust its administrative remedies, the Court will dismiss Count V of the complaint without prejudice.

### B. *Count II*

■ As noted above, the parties agree that Griffin was a participant in an employee benefit plan governed by ERISA. Defendant argues that Count II should be dismissed for two reasons. First, that as with Count V, plaintiff failed to exhaust its remedies as required by M.C.L. § 550.1404, and second, that the decision of the Insurance Bureau precludes this action. The Court disagrees.

■ ERISA supersedes all state laws that relate to employee benefit plans. 29 U.S.C. § 1144(c). The provision is an expansive one. *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.,* 519 U.S. 316, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997). ERISA provides for a specific remedy for wrongful denial of coverage. 29 U.S.C. § 1132(a)(1)(B). In *Foster v. Blue Cross and Blue Shield of Michigan,* 969 F.Supp. 1020 (E.D.Mi.1997), a court for the Eastern District of Michigan examined whether ERISA preempted a failure to pay claim brought pursuant to M.C.L. § 550.1402. The district court found that ERISA's specific remedy for wrongful denial of coverage preempted the Michigan statute. This Court agrees with the reasoning in *Foster,* and finds that ERISA, not M.C.L. § 550.1402, governs plaintiff's action for wrongful denial of benefits. Naturally, because ERISA preempts section 1402, section 1404's requirements for exhaustion do not bind an ERISA plaintiff.

■ Defendant's second argument appears to be that the findings of the Insurance Bureau mandate dismissal through administrative preclusion. The Court disagrees.

Even assuming administrative preclusion applies where ERISA preempts the relevant state statute, the doctrine is not applicable here. It is true that in some circumstances, factual determinations of a state agency acting in a judicial capacity must be given preclusive effect. *See Astoria F.S. & L. Assn. v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). However, to properly invoke administrative preclusion, the parties must have had an adequate opportunity to litigate. *University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Where, as here, a plaintiff brings his claim in federal court without seeking state court review of an administrative decision, the administrative decision need not be given preclusive effect. *Astoria,* 501 U.S. at 111; *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1068 n. 5 (8th Cir.1997); *see also Stafford v. True Temper Sports,* 123 F.3d 291 (5th Cir.1997). Because plaintiff did not seek state court review in Michigan, the Court need not give preclusive effect to the Insurance Bureau's findings of fact. As defendant has provided no other reason for summary judgment on this Count, the Court must deny its motion for summary judgment on Count II.

### III. *Conclusion*

For the reasons stated above, the Court finds that pursuant to Michigan law, plaintiff has failed to exhaust its state-law claims as a prerequisite for filing suit, and will dismiss Count V without prejudice. However, the Court further finds that the exhaustion requirement and administrative preclusion do not apply to plaintiff's ERISA claims, and therefore denies the motion for summary judgment on Count II.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (Doc. No. 30) is **GRANTED** in part and DENIED in part.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.